```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NORTH DAKOTA
                    SOUTHEASTERN DIVISION
```

United States of America,    )
                             )
         Plaintiff,          )
                             )   CRIMINAL NO.   3:00cr51
    vs.                      )
                             )
Jason Travis O'Neal,         )
                             )
         Defendant.          )

## Opinion and Order

Before the Court are defendant's Motion to Clarify how Title 18 U.S.C. § 924(e)/U.S.S.G. § 4B1.4 does not Apply (doc. #59) and Motion to Include Relevant Guideline to Instant Case Pending Resolution (doc. #60). As explained below, the Motions are **DENIED**.

On January 19, 2001, this Court sentenced defendant to 210 months imprisonment as an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e) and United States Sentencing Commission Guidelines Manual § 4B1.4. The Eighth Circuit affirmed the conviction and sentence in its entirety. See United States v. O'Neal, 16 Fed. Appx. 539 (8th Cir. 2001). The defendant then filed a Motion to Vacate under 28 U.S.C. § 2255, which this Court denied. The defendant now tries to once again attack the constitutionality of his sentence in a self-titled Motion to Clarify.

In the interests of justice, the Court finds that it is

appropriate to construe the defendant's petition as a "successive" motion under § 2255 and summarily deny the defendant's request. A prisoner can only maintain a collateral challenge to his conviction or sentence by filing a motion with the trial court pursuant to § 2255. <u>Hill v. Morrison</u>, 349 F.3d 1089, 1091 (8th Cir. 2003).

Generally, the Court must warn the petitioner of the restrictions on second or successive motions and of the one-year limitations period under § 2255 before the Court can reclassify a pro se litigant's pleading as a § 2255 motion. <u>Castro v. United States</u>, 540 U.S. 375, 383 (2003); <u>Morales v. United States</u>, 304 F.3d 764, 767 (8th Cir. 2002). The Court must then give the defendant an opportunity to either consent to the reclassification or to withdraw his motion. <u>Morales</u>, 304 F.3d at 767.

However, this warning only applies to situations where a defendant has not previously sought relief under § 2255. <u>See Castro</u>, 540 U.S. at 384 (stating that the warning only applies when a court recharacterizes a pro se litigant's motion as a first § 2255 motion). Since the defendant in this case has already sought § 2255 relief in this Court, it is proper for the Court to construe the Motion as a successive motion to vacate his sentence pursuant to § 2255.

Since this is the petitioner's "second or successive" motion under § 2255, the Motion must be certified as provided in 28

U.S.C. § 2244 by a panel of the Eighth Circuit Court of Appeals. The defendant has obtained no such authorization from the Circuit. Accordingly, **IT IS HEREBY ORDERED** that the defendant's Motion to Clarify (doc. #59) is construed as a second or successive motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 and is **DENIED**.

The Court construes defendant's Motion to Include Relevant Guideline (doc. #60) as a supplement to defendant's previous Motion to modify his sentence under 18 U.S.C. § 3582 (doc. #58). The Court recently denied that Motion, and the defendant's supplement does not affect that decision. Accordingly, defendant's Motion to Include Relevant Guideline is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated this 11th day of July, 2006.

*/s/ Rodney S. Webb*
RODNEY S. WEBB, District Judge
United States District Court